IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | No. 4:21-CR-300 |
| | § | Judge Jordan |
| ███████████████████ | § | |
| | § | |

Fifth Superseding Indictment/Notice of Penalty – Page 1



§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

ALYSSA GABRIELLE KLASEN (48)
a.k.a. "Ally"

## FIFTH SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with Intent
to Manufacture and Distribute
Heroin and Methamphetamine),
and 18 U.S.C. § 2 (Aiding and
Abetting)

That from sometime in or about January 2019, and continuously thereafter up to

and including the date of the Fifth Superseding Indictment, in the Eastern District of

Texas and elsewhere,





**Alyssa Gabrielle Klasen, a.k.a. "Ally"**

defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to manufacture and distribute one (1) kilogram

or more of a mixture containing a detectable amount of heroin; 50 grams or more of

methamphetamine (actual) or 500 grams or more of a mixture or substance containing a

detectable amount of methamphetamine, a violation of 21 U.S.C. § 841(a)(1).

**Death Resulting from the Conspiracy to Distribute Heroin**

On or about October 29, 2021, a mixture or substance containing a detectable
amount of heroin was distributed to MG resulting in death.

On or about January 10, 2022, a mixture or substance containing a detectable
amount of heroin was distributed by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to ST
resulting in serious bodily injury requiring hospitalization.

All in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2.

Fifth Superseding Indictment/Notice of Penalty – Page 3

## Count Two

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in
Furtherance of a Drug Trafficking
Crime)

On or about November 8, 2021, within the Northern District of Texas, ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓ defendant, did knowingly possess a firearm, namely a KEL-TEC P3AT

.380ACP pistol, Serial Number JOU53, in furtherance of a drug trafficking crime for

which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess

with the intent to manufacture and distribute a mixture or substance containing a

detectable amount of heroin and a mixture or substance containing a detectable amount of

methamphetamine and methamphetamine (actual).

In violation of 18 U.S.C. § 924(c).

## Count Three

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in
Furtherance of a Drug Trafficking
Crime)

On or about November 5, 2021, within the Eastern District of Texas, ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓ defendant, did knowingly possess a firearm, namely a Taurus G2 9mm

pistol, Serial Number TIY64803, in furtherance of a drug trafficking crime for which he

may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the

intent to manufacture and distribute a mixture or substance containing a detectable

amount of heroin and a mixture or substance containing a detectable amount of

methamphetamine and methamphetamine (actual).

Fifth Superseding Indictment/Notice of Penalty – Page 4

In violation of 18 U.S.C. § 924(c).

## **Count Five**

> **Violation**: 18 U.S.C. § 924(c)
> (Possession of a Firearm in
> Furtherance of a Drug Trafficking
> Crime)

On or about March 11, 2021, within the Eastern District of Texas, ▮▮▮▮▮▮▮▮

▮▮▮▮▮ defendant, did knowingly possess a firearm, namely a Taurus 9mm pistol, Serial

Number ABK045114, in furtherance of a drug trafficking crime for which he may be

prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to

manufacture and distribute a mixture or substance containing a detectable amount of

heroin and a mixture or substance containing a detectable amount of methamphetamine

and methamphetamine (actual).

In violation of 18 U.S.C. § 924(c).

## **Count Six**

> **Violation**: 18 U.S.C. § 924(c)
> (Possession of a Firearm in
> Furtherance of a Drug Trafficking
> Crime)

On or about March 11, 2021, within the Eastern District of Texas, ▮▮▮▮▮▮▮▮

▮▮▮▮▮ defendant, did knowingly possess a firearm, namely an American Tactical

.45ACP pistol, Serial Number TB101222, in furtherance of a drug trafficking crime for

which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess

with the intent to manufacture and distribute a mixture or substance containing a

detectable amount of heroin and a mixture or substance containing a detectable amount of

methamphetamine and methamphetamine (actual).

In violation of 18 U.S.C. § 924(c).

### Count Nine

> <u>Violation</u>: 21 U.S.C. § 846
> (Conspiracy to Possess with Intent
> to Manufacture and Distribute a
> Controlled Substance) and 18
> U.S.C. § 2 (Aiding and Abetting)

That from sometime in or about May 2020, and continuously thereafter up to and

including the date of the Fifth Superseding Indictment, in the Eastern District of Texas

and elsewhere,



defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to manufacture, distribute mixtures or substances

containing detectable amounts of a Schedule 1 controlled substance, to wit: ADB-

BUTINACA, MDMB-4en-PINACA, and 4F-MDMB-BUTICA, a violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(c); knowing that the substance was intended for human

consumption as provided in 21 U.S.C. § 813.

All in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2.

## Count Ten

Violation: 18 U.S.C. §§ 1956(h) (Conspiracy to Commit Money Laundering) and 2 (Aiding and Abetting)

That from sometime in or about May 2020 and continuously thereafter up to and including the date of the Fifth Superseding Indictment,



**Alyssa Gabrielle Klasen, a.k.a. "Ally"**

defendants, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1.    knowing that the property involved in a financial transaction(s) represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in face involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled

Fifth Superseding Indictment/Notice of Penalty – Page 7

substance(s) with the intent to promote a carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

2.      knowing that the property involved in a financial transaction(s) represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in fact involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) with the intent to promote the carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

3.      promoting the carrying on of a specific unlawful activity; or, to conceal or disguise the nature location, source, ownership, or control of property believe to be the proceeds of specified unlawful activity, conduct or attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity; that is, conspiracy or distribution or possession with the intent to distribute a controlled substance(s), or property used to conduct or facilitate specified unlawful activity in violation of 18 U.S.C. § 1956(a)(3);

4.      involving criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity; that is, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. §§ 1956(h) and 2.

## Count Eleven

Violation: 49 U.S.C. §§ 46306(b)(6) and (c)(2) (Operating an Aircraft Eligible for Registration Knowing that the Aircraft is not Registered to Facilitate a Controlled Substance Offense) and 18 U.S.C. § 2 (Aiding and Abetting)

That from sometime in or about May 2020 and continuously thereafter up to and including January 17, 2021, ▮▮▮▮▮▮▮▮▮▮▮▮, defendant, did knowingly and willfully operate and attempt to operate an aircraft eligible for registration by the Federal Aviation Administration under Title 49 of the United States Code, knowing that the aircraft was not registered and said operation related to the facilitating of a controlled substance offense punishable by more than one year imprisonment, to wit: possession with intent to distribute a controlled substance as described in Count Nine of this indictment in violation of 49 U.S.C. §§ 46306(b)(6) and (c)(2) and 18 U.S.C. § 2 .

## Count Twelve

Violation: 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about July 30, 2021, within the Eastern District of Texas, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ defendant, did knowingly possess a firearm, namely a Taurus G2C 9mm pistol, Serial Number TLY23792, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: conspiracy to possess with the intent to manufacture and distribute a mixture or substance containing a detectable amount of

heroin and a mixture or substance containing a detectable amount of methamphetamine

and methamphetamine (actual).

In violation of 18 U.S.C. § 924(c).

### Count Thirteen

> Violation: 18 U.S.C. §§ 1951(a)
> (Interference with Commerce by
> Robbery) and 2 (Aiding and
> Abetting)

That in or about July 2021, in the Eastern District of Texas,



defendants, aided and abetted by each other, did knowingly, willfully, and unlawfully

obstruct, delay, and effect commerce, and attempt to obstruct delay, and affect

commerce, as the term is defined in under 18 U.S.C. § 1951(a), in that the defendants,

aiding and abetting each other, did knowingly attempt to take and obtain, narcotics from

the person and property of "BB," against BB's will, by means of actual and threatened

force, violence, and fear of injury, immediate and future, to BB's person and the persons

staying with BB.

In violation of 18 U.S.C. §§ 1951(a) and 2.

### Count Fourteen

> Violation: 21 U.S.C. § 843(b)
> (Use of a Communication Facility
> to Facilitate Drug Felony)

That on or about February 14, 2022, in the Eastern District of Texas, ████████

████████ defendant, did knowingly and intentionally use a communication facility,

Fifth Superseding Indictment/Notice of Penalty – Page 10

the U.S. Mail, with the intent to facilitate the commission of the felony offense of

distribution or possession with intent to distribute a Schedule II Controlled Substance, an

act constituting a felony under Title 21, United States Code, Section 841.

In violation of 21 U.S.C. § 843(b).

### Count Sixteen

> Violation: 21 U.S.C. § 846
> (Conspiracy to Possess with Intent
> to Manufacture and Distribute
> Fentanyl) and 18 U.S.C. § 2
> (Aiding and Abetting)

That from sometime in or about January 2021, and continuously thereafter up to

and including the date of the Fifth Superseding Indictment in the Eastern District of

Texas and elsewhere,

defendants, did knowingly and intentionally combine, conspire, and agree with each other

and other persons known and unknown to the United States Grand Jury, to knowingly

and intentionally possess with the intent to manufacture and distribute 400 grams or more

of a mixture or substance containing a detectable amount of fentanyl, or 100 grams or

more of a mixture of substance containing a detectable amount of any fentanyl analogue,

a violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### Count Seventeen

<u>Violation</u>: 21 U.S.C. § 846
(Conspiracy to Possess with Intent
to Manufacture and Distribute
Cocaine) and 18 U.S.C. § 2
(Aiding and Abetting)

That from sometime in or about January 2020, and continuously thereafter up to and including the date of the Fifth Superseding Indictment in the Eastern District of Texas and elsewhere,



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute five kilograms or more of a mixture or substance containing a detectable account of cocaine, a violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### Sentencing Enhancements Pursuant to 21 U.S.C. § 851

Before defendant ▮▮▮▮▮▮▮ committed the offenses charged in this Fifth Superseding Indictment, ▮▮▮▮▮▮▮ had a prior, final conviction for a serious drug felony, namely, a conviction on November 14, 2012 under 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Heroin in Cause No. 4:10CR199 in the Eastern District of Texas. ▮▮▮▮▮ was sentenced to 60 months of imprisonment with five years of supervised release.

Fifth Superseding Indictment/Notice of Penalty – Page 12

Before defendant ▮▮▮▮▮▮▮▮▮▮▮ committed the offenses charged in this Fifth Superseding Indictment, ▮▮▮▮▮▮▮▮▮▮ had prior, final convictions for serious drug felonies, namely two convictions on March 31, 2016 for Possession with Intent to Deliver a Controlled Substance (cocaine) in Cause No. F-12-70762 in Dallas County, Texas. ▮▮▮▮▮ was sentenced to five years imprisment to run concurrently.

Before defendant ▮▮▮▮▮▮▮▮▮▮▮ committed the offenses charged in this Fifth Superseding Indictment, ▮▮▮▮▮▮▮▮▮▮ had prior, final convictions for serious drug felonies, namely five convictions on September 16, 2014 for Unlawfully Possession of Controlled Substances (cocaine, heroin and alprazolam) in Cause No. F-1157050-P in Dallas County, Texas. ▮▮▮▮▮▮▮ was sentenced to five years imprisonment to run concurrently.

Before defendant ▮▮▮▮▮▮▮▮▮▮▮ committed the offenses charged in this Fifth Superseding Indictment, ▮▮▮▮▮▮▮▮▮▮ had prior, final convictions for serious drug felonies, namely three convictions on November 9, 2012 and May 13, 2016 for Possession of Controlled Substances in Cause No. 429-80944-09 in Collin County, Texas (sentenced to two years imprisment) and in Cause No. F-1558765-W in Dallas County, Texas (sentenced to five years imprisment).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense charged in this Fifth Superseding Indictment, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 21 U.S.C. §§ 853 and 970, all property used to commit or

Fifth Superseding Indictment/Notice of Penalty – Page 13

facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

KEL-TEC P3AT .380ACP pistol, Serial Number JOU53, seized from ███████ ███████████████

Taurus G2 9mm pistol, Serial Number TIY64803, seized from ███████████████ ████████

Taurus 9mm pistol, Serial Number ABK045114, seized from ██████████ ██████

American Tactical .45ACP pistol, Serial Number TB101222, seized from ██████ █████████████

$4,225 in U.S. Currency seized from ██████████████████

Taurus G2C 9mm pistol, Serial Number TLY23792 seized from █████████████ ██████

$2,620 in U.S. Currency seized from ████████████████

$7,700 in jewelry seized from ████████████████████.

$2,863 in U.S. Currency seized from ████████████████

Kahr Arms, model K40, .40SW pistol, Serial Number DF7541, seized from █████ ████████

DPMS Inc., model A15, Multi caliber rifle, Serial Number FFH309001, seized from ████████████

Sweden, Model M1896, 6.5mm rifle, Serial Number 37743, seized from ████

████

M&M Industries, Unknown model, Multi caliber rifle, Serial Number MM1378, seized from ████████

Radikal Arms, Model Nk-1, 12ga shotgun, Serial Number 21BP-3133, seized from ████████

Glock, Model 19X, 9mm pistol, Serial Number ADMG170, seized from ████

████

Colt, Government Model 1911, .45ACP pistol, Serial Number 2825113, seized from ████████

Savage, Model Stevens 87C, .22LR rifle, No Serial Number, seized from ████

████

Japan, Type 99, 6.5mm rifle, Serial Number 81404, seized from █████████

Sarsilmaz, Model B6C, 9mm pistol, Serial Number T1102-18G00871, seized from ████████

Shadow Ops Weaponry, Model SHDW-15B, .300-caliber pistol, Serial Number 15B-5791, seized from ████████

1924 rounds of assorted ammunition seized from ████████.

Camouflage ballistic vest seized from ████████

Ruger LC-9 pistol, serial 461-33673, seized from █████████

2021 Chevrolet Corvette, VIN # 1G1YB3D46M5100634 owned by ████

████

Fifth Superseding Indictment/Notice of Penalty – Page 15

Assorted 70' LG televisions seized from ███████████████

Assorted jewelry seized from ███████████████

2021 Ford F-250 Super Duty Crew Cab Truck, VIN #1FT7W2B66MEC92949

seized from ███████████████

Glock G19 Gen5, 9mm pistol, serial number BTWV508 and magazine seized

from ███████████████; and

New Frontier AR-15, .223 caliber pistol, serial number NLV86185 seized from

███████████████

A TRUE BILL

_____
GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____          _____
HEATHER RATTAN                            Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | No. 4:21-CR-300 |
| | § | Judge Jordan |





§
§
§
§
§
§
§
§
§
§
§
§
§
§

ALYSSA GABRIELLE KLASEN (48)
a.k.a. "Ally"

## NOTICE OF PENALTY

### Count One

Violation:    21 U.S.C. § 846

Penalty:    If one (1) kilogram or more of a mixture containing a detectable amount of heroin; if 50 grams or more of methamphetamine (actual) or if 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; not less than 10 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed $10 million, or both; supervised release of at least five years.

Special Assessment:  $100.00

### Counts Two, Three, Five, Six & Twelve

Violation:    18 U.S.C. § 924(c)

Penalty:    Imprisonment for not more than five years to be served consecutive with any other term; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment:  $100.00

### Count Nine

Violation:    21 U.S.C. § 846

Penalty:    Not more than 20 years imprisonment; a fine not to exceed $1 million, or both; a term of supervised release of at least 3 years.

    If after a prior conviction for a felony drug offense has become final, a term of imprisonment not more than 30 years, a fine not to exceed $2 million, or both; a term of supervised release of at least 6 years.

Special Assessment: $100.00

### Count Ten

Violation:    18 U.S.C. § 1956(h)

Penalty:    Not more than 20 years imprisonment; a fine not to exceed $500,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years if the conspiracy is to violate 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i);

    Not more than 10 years imprisonment; a fine not to exceed $250,000 or twice the pecuniary gain or loss, and a term of supervised release of not more than 3 years if the conspiracy is to violate 18 U.S.C. § 1957.

Special Assessment: $100.00

### Count Eleven

Violation:    49 U.S.C. §§ 46306(b)(6) and (c)(2)

Penalty:    Not more than 5 years imprisonment; a fine not to exceed $250,000, or both; and a term for supervised release of at least 2 years.

Special Assessment: $100.00

### Count Thirteen

Violation:    18 U.S.C. §§ 1951 and 2

Penalty:      Imprisonment for a term of not more than 20 years, a fine not to exceed
              $250,000.00, or twice the gross pecuniary gain to the defendant or twice the
              gross pecuniary loss to the victim, whichever is greater both; or both and a
              term of supervised released of not more than three years

              If any person commits such a violation after a prior conviction for a serious
              drug felony has become final, such person shall be sentenced to not less
              than 10 years and not more than life imprisonment, a fine not to exceed $8
              million, or both; term of supervised release of at least 8 years.

## Count Fourteen

Violation:    21 U.S.C. § 843(b)

Penalty:      Not more than 4 years imprisonment; a fine not to exceed $250,000 or both;
              and a term for supervised release of at least 3 years.

Special Assessment:      $100.00

## Count Sixteen

Violation:    21 U.S.C. § 846

Penalty:      If 400 grams or more of a mixture or substance containing a detectable
              amount of fentanyl, or 100 grams or more of a mixture of substance
              containing a detectable amount of any fentanyl analogue; not less than 10
              years and not more than life imprisonment and if death or serious bodily
              injury results from the use of such substance shall be not less than 20 years
              or more than life, a fine not to exceed $10 million, or both; supervised
              release of at least five years.

Special Assessment:  $100.00

## Count Seventeen

Violation:    21 U.S.C. § 846

Penalty:      If five (5) kilograms or more of a mixture or substance containing a
              detectable amount of cocaine; not less than 10 years and not more than life
              imprisonment and if death or serious bodily injury results from the use of

such substance shall be not less than 20 years or more than life, a fine not to
exceed \$10 million, or both; supervised release of at least five years.

Special Assessment: \$100.00